IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

John Timothy Smith, #233610,  )  C. A. No. 2:04-23345-23AJP
                              )
        Plaintiff,            )
                              )
    -versus-                  )  **REPORT AND RECOMMENDATION**
                              )
C/O Lacorick Bridges and the South )
Carolina Department of Corrections,)
                              )
        Defendants.           )

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motions for summary judgement. 28 U.S.C. § 636(b).

On December 23, 2004, the plaintiff, John Timothy Smith, sued Lacorick Bridges, a correctional officer at McCormick Correctional Institution (MCI), and the South Carolina Department of Corrections (SCDC), and alleged that the defendants subjected

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

him to constitutionally excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment[2]. Smith seeks damages and equitable relief.

The defendants filed a motion for summary judgment on June 10, 2005, and filed various affidavits, incident reports, medical records, and disciplinary hearing results. On June 20, 2005, the plaintiff was provided a copy of the defendants' summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff filed a pleading denominated "Notice & Motion for Emergency Order Pursuant to Rule 12 and Rule 56 Fed.R.Civ.P., 'Objection to the Magistrate Judge's Report and Recommendation'" in response to the Roseboro order on July 7, 2005. Hence it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to

---

[2] Plaintiff also generally complained about other conditions of his confinement but made no allegations against the named plaintiffs in that regard. Therefore the only claim properly before the court is an allegation of excessive use of force on October 21, 2004.

establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only

3

where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

A review of the record and relevant case law reveals the motion should be granted in part and denied in part.

## FACTS

The facts for purposes of the defendants' motion, either undisputed or taken in the light most favorable to the plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record are as follow.

The plaintiff is incarcerated in the special management unit (SMU), the highest security level, at MCI. In his complaint filed under penalty of perjury, Smith described the facts giving rise to his suit:

> "At approximately 8:15 am on October 21, 2004, Defendant Lacorick Bridges was making his rounds of SMU for cells check for inmates recreation. Defendant passed by plaintiff celldoor without asking him do he want rec., plaintiff called defendant back to his celldoor, and ask defendant, why he did not ask plaintiff for rec., defendant said, plaintiff stagged to close his celldoor window and his rec. is taken for that reason. As plaintiff was trying to explain to defendant why his celldoor window was left open, defendant 'deliberately' slammed plaintiff left hand and arm in the celldoor window three (3) times... . At no time was plaintiff using profane language or physically threaten defendant. Defendant grabbed plaintiff left wrist and started punching at him and grabbed his MK-4 gas and started macing plaintiff and put the celldoor key in the celldoor lock without no proper supervision or video equipment. At that

4

> time several officers appeared out plaintiff celldoor, plaintiff was standing in the middle of his cellroom, and Ofc. Timothy Fuller, SMU, open plaintiff celldoor without proper supervision or video equipment, and defendant Bridges rushed through the celldoor knocking plaintiff down on the bed and against the wall, on Ofc. Fuller rushed in behind defendant and grabbed plaintiff left arm and said he will break plaintiff M.F. arm. While Ofc. Fuller was maliciously and sadistically holding plaintiff arm behind his back while defendant Bridges was beating plaintiff in the face with his fist and the left side of plaintiff face and temple. Ofc. Terry Stanley, SMU, came into the cellroom and told defendant to stop hiting plaintiff.
> ... As a result plaintiff suffered physical injuries, bruises and swelling, on his hand and arm and the side of his face, and emotional distress." (sic).

Plaintiff's complaint pgs. 3, 4).

## EXCESSIVE FORCE

The question of whether excessive force was used against a prisoner must be analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. In <u>Stanley v. Hejirika</u>, 134 F.3rd 629, 634 (4th Cir. 1998), the United States Court of Appeals for the Fourth Circuit stated "not every unpleasant action taken by prison officials against inmates ... violates the Eighth Amendment. 'After incarceration, only the unnecessary and wanton infliction of pain constitutes ... cruel and unusual punishment forbidden by the Eighth Amendment.'" quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986).

5

In order to establish an Eighth Amendment claim for excessive use of force, a prisoner must meet both a subjective and objective requirement. In Hudson v. McMillian, 503 U.S. 1, 6, 112 S.Ct. 995, 998, (1993), the United States Supreme Court found that to establish the subjective component, a prisoner must show that the officers "inflicted unnecessary and wanton pain and suffering." The Court further stated that this question "ultimately turns on 'whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley, 475 US at 320-321, 106 S.Ct. at 1085).

In the instant case, the plaintiff's sworn statement of facts contained in his complaint indicate that defendant Bridges inflicted unconstitutional cruel and unusual punishment on him by slamming his hand in the food tray door of his cell and beating him despite the fact that the plaintiff did not disobey or resist any order, did not provoke the officer, and otherwise submitted completely to the officer's authority. Although the defendants have filed a plethora of polar evidence[3], the court is faced with the need for a credibility determination which must await a finder of fact. In light of this conflicting evidence, the

---

[3] The defendants' evidence indicates that the plaintiff initiated an unprovoked attack upon Bridges which included biting, spitting, and scratching which kept Bridges out of work for months and for which Smith was convicted of assault and battery with intent to injure or kill.

6

district court should not resolve these genuine issues of material fact on summary judgment. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The summary judgement motion should be denied as a result.

## IMMUNITIES

The defendants have also asserted that they are entitled to absolute and qualified immunity. Bridges was sued in both his official and individual capacities and the SCDC is an arm of the state of South Carolina. When a defendant is sued in his or her official capacity, the suit is intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, as here, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.

In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between §1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its

7

>     undoubted power under § 5 of the Fourteenth
>     Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. Will, supra at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities.

As a result the defendant's claims against the SCDC and claims against Bridges in his official capacity for monetary damages are subject to dismissal.

Bridges further alleged that he is immune from personal liability under the doctrine of qualified immunity, which is available to a person sued for damages in his or her individual capacity.

Qualified immunity is a defense to be asserted by the defendant and the burden of proving entitlement to immunity rests with the defendant asserting it. Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the defendant is entitled to dismissal or summary judgment. For that reason,

the issue of immunity should be addressed before discovery is allowed.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing. Akers v. Caperton, 998 F.2d 220, 225-226 (4th Cir. 1993).

The Supreme Court, in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, supra, at 818.

In its most recent discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' 'In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged.' Moreover, 'the manner in which this [clearly established] right applies to the actions of the official must also be apparent.' As such, if there is a 'legitimate question' as to whether an

9

> official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994).

Under the standards recited above, defendant Bridges is not entitled to qualified immunity from suit in his individual capacity. Taking the facts as alleged by Smith as the court must, it appears that there is not a legitimate question as to whether Bridge's unprovoked beating of the plaintiff violated Plaintiff's right to be free from cruel and unusual punishment. As a result, it appears that Bridges is not entitled to qualified immunity from damages in his individual capacity.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the SCDC and defendant Bridges in his official capacity be dismissed from the action, but that otherwise the defendants' motion for summary judgement be denied.

Respectfully Submitted,

S/Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

September 13, 2005

10

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
## The **Serious Consequences** of a Failure to Do So

     The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

     During the ten-day period, <u>but *not* thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* <u>Wright v. Collins</u>, *supra*; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
