IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Timothy Smith, #233610, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 2:04-23345-23 |
| vs. | ) | **ORDER** |
| | ) | |
| C/O Lacorick Bridges and the South | ) | |
| Carolina Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Plaintiff John Timothy Smith's ("Smith" or "Plaintiff") and Defendants South Carolina Department of Corrections ("SCDC") and Officer Lacorick Bridges' ("Bridges") objections to the Magistrate Judge's recommendation that SCDC and defendant Bridges in his official capacity be dismissed from the action, but that otherwise the Defendants' motion for summary judgment be denied. The record contains a report and recommendation of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff and Defendants have both filed timely objections to the R&R.

## I. BACKGROUND

Smith is incarcerated in the special management unit (SMU), the highest security level, at MCI. On October 21, 2004, a fight broke out between Officer Bridges and Smith. Smith contends that at approximately 8:15 a.m., Bridges was making his rounds of SMU for cell check for inmates' recreation. Bridges did not offer recreation to Smith, claiming that recreation was denied because Smith had left his cell door window open during cell check. (Complaint at 3, 4.) Smith claims that

as he was trying to explain why his cell door window was open, "defendant deliberately slammed plaintiff left hand and arm in the cell door window three (3) times. . . . At no time was plaintiff using profane language or physically threaten defendant." (Complaint at 3.) Smith further contends that Bridges then grabbed his wrist and started punching him and then administered chemical munitions. Bridges then allegedly came into Smith's cell and knocked him down. He then had another officer hold Smith down while he continued "beating plaintiff in the face with his fist and the left side of plaintiff face and temple." (Complaint at 4.) As a result of this attack, Smith claims to have "suffered physical injuries, bruises and swelling, on his hand and arm and the side of his face, and emotional distress." (Complaint at 4.)

Defendants' version of the events of October 21st, 2004, are markedly different. Defendants allege that Officer Bridges was viciously attacked by Plaintiff as he walked by Plaintiff's cell, causing injuries which kept Bridges out of work for over four months. (Def. Mot. Sum. Jud. at 1.) Defendants contend that Smith grabbed Bridges without provocation, spit in his face, scratched him and bit him on the right shoulder. Bridges then sprayed Smith with chemical munitions and restrained him with the assistance of three other officers. Following the attack, an Incident Report was filed. Smith was later found guilty of "Assault and Battery of Employee (Intent to Injure or Kill)"in a prison disciplinary hearing. A copy of the Disciplinary Report and Hearing Record was attached to Bridges' Affidavit.

According to both parties, Smith refused to be seen by Nurse Tracy Summers, who nonetheless observed that Smith had several abrasions on his left knuckles.

On December 23, 2004, Smith sued Bridges and the South Carolina Department of Corrections (SCDC) alleging that Defendants subjected him to constitutionally excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Smith

seeks damages and equitable relief.

After reviewing this case, the Magistrate Judge made several findings. He found that (1) the Eleventh Amendment requires the court to dismiss Plaintiff's claims for monetary damages against SCDC and Bridges in his official capacity. He also found that (2) because Plaintiff's sworn statement of facts indicates that Defendant Bridges inflicted unconstitutional cruel and unusual punishment by unprovokedly assaulting him, and despite Defendants' strong showing of evidence contradicting this version of events, "the court is faced with the need for a credibility determination which must await a finder of fact." (R&R at 6.) Finally, the Magistrate found that (3) Defendant Bridges was not entitled to qualified immunity from suit in his individual capacity. Accordingly, the Magistrate recommended that the "SCDC and defendant Bridges in his official capacity be dismissed from the action, but that otherwise the defendants' motion for summary judgment be denied." (R&R at 10.)

## II. <u>STANDARD OF REVIEW</u>

### A.    The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, including the R&R and the parties' objections. Pursuant to this review, the court modifies the R&R as set forth below.

**B.** **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). Since Plaintiff filed his complaint *pro se,* it must be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Nonetheless, Plaintiff, in order to withstand summary judgment, must establish the existence of a genuine issue of material fact by presenting evidence on which the jury could reasonably find in his favor. *Anderson,* 477 U.S. at 252. "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient" to create a genuine issue of material fact. *Id.* Furthermore, Plaintiff's failure to create a genuine issue of material fact on any essential element of his claim will result in summary judgment being entered against him. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Id.* at 327.

### III. <u>OBJECTIONS</u>

**A.    Plaintiff's Objections**

While the court has some difficulty understanding Plaintiff's arguments, the court reads his motion broadly to find an objection to specific factual findings.  The fact that Smith is acting *pro se* encourages the court to give his objections such a broad reading.  *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir.1982); *Sutphin v. Landon,* 803 F.2d 1181, 1986 WL 17910 (4th Cir. 1986).  As understood by the court, Plaintiff argues in his "Objection to The Magistrate Judge's Report & Recommendation for Official Capacity" that the Magistrate erred in dismissing SCDC and Officer Bridges in his Official Capacity.

Plaintiff cites several cases that stand for the assertion that states are generally available to be sued in state court for § 1983 violations.  *Maine v. Thiboutot*, 448 U.S. 1, 3 n. 1 (1980); *Howlett v. Rose*, 496 U.S. 356, 378 n. 20 (1990) ("Virtually every state has expressly or by implication opened its courts to § 1983 actions and there are no state court systems that refuse to hear §1983 actions.").  This argument, however, is unresponsive to the Magistrate's finding.  The Plaintiff has brought his claim in federal court, not state court.  Regardless of whether states have consented to suit in their own state courts, the Eleventh Amendment bars Plaintiff from bringing a § 1983 suit against a state or state agency in federal court.  *Quern v. Jordan*, 440 U.S. 332 (1979).  A state does not waive its Eleventh Amendment immunity from suit in federal court merely by consenting to suit in its own courts.  *In re Sec'y of Dep't. of Crime Control and Pub. Safety*, 7 F.3d 1140 (4th Cir. 1993); *S. Ry. Co. v. Query*, 21 F.2d 333 (E.D.S.C. 1927).  As such, the court finds that the Magistrate correctly dismissed SCDC and Officer Bridges in his official capacity.

**B.    Defendants' Objections**

Defendants make two objections to the Magistrate's R&R.  Defendants assert that (1) the Magistrate erred in failing to find that the injuries in this case were *de minimus* and could not support an Eighth Amendment claim; and (2) the Magistrate erred in failing to find that the Plaintiff's action is barred by his disciplinary conviction of assault and battery of the guard.  The court addresses each objection:

The Magistrate correctly notes that in order to establish an Eighth Amendment claim for excessive use of force, a prisoner must meet both a subjective and objective requirement.  (R&R at 6.)  The objective requirement is satisfied if, considering the force applied against the need for force and the context in which the circumstances arose, the officer's actions under the circumstances were "objectively harmful enough" to offend "contemporary standards of decency."  *Hudson v. McMillan*, 503 U.S. 1, 8 (1993); *Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998).  The Magistrate finds that, if the facts are as the Plaintiff has alleged, Plaintiff has met this burden.  *Id.*  Regardless of the severity of the resulting injury, it cannot be doubted that *unprovoked* violence and brutality inflicted by prison guards upon inmates violates the Eighth Amendment.  *See, e. g., U.S. v. Bailey*, 444 U.S. 394, 423 (1980)*; Jackson v. Bishop*, 404 F.2d 571 (8th Cir. 1968).  The court agrees that Plaintiff's failure to allege severe injury is no bar to an Eighth Amendment claim where the assault is unprovoked.  In such circumstances, the real inquiry is whether the force applied was "unnecessary and wanton" given the prison's interest in maintaining discipline.  *Hudson v. McMillian,* 503 U.S. 1 (1992).  In *Hudson,* the Court decided that excessive use of force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury.  *See id.* at 4.  Justice O'Connor stated in *Hudson* that:

[W]hen prison officials maliciously and sadistically use force to cause harm,

contemporary standards of decency *always* are violated. ***This is true whether or not significant injury is evident.*** Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Id.* at 9 (emphasis added). In other words, the United States Supreme Court recognized that a *per se* non *de minimis* injury requirement would give prison officials carte blanche authority to assault prisoners so long as the injuries inflicted were not severe. "Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today." *Id.* As such, where an assault is unprovoked, the court agrees with the Magistrate that inmates need not allege that they were severely beaten or maimed to state an Eighth Amendment cause of action under § 1983. *See Watford v. Bruce,* 126 F. Supp. 2d 425 (E.D. Va. 2001).

Defendants then object that the prison disciplinary board's uncontested finding that Plaintiff initiated the attack on the guard precludes the court from accepting Plaintiff's unsupported contention that the attack was unprovoked. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court ruled that a state prisoner cannot base a § 1983 action on a ground that would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 486. A purpose of the rule is to prevent evasion of the exhaustion of state remedies requirement in habeas corpus actions, a requirement not present under § 1983. *See id.* at 490-91 (Thomas, J., concurring). Later, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended the *Heck* rule to prison disciplinary proceedings involving the loss of good time credit. Relying on *Edwards*, Defendants here contend that for Plaintiff to prevail on his § 1983 excessive force claim, he must prove that the facts found by the institutional hearing officer in convicting Plaintiff of assault were incorrect, thus implying the invalidity of his disciplinary conviction and sentence.

In considering this argument, the court looks to a recent case from this circuit with facts

similar to those of the case *sub judice*.  In *Bowman v. Large*, 2003 WL 21246030, *2-3 (W.D.Va. May 29, 2003), a state prisoner who had been convicted of assault in a prison disciplinary hearing similarly sued correctional officers under § 1983 alleging use of excessive force.  In this case, the prisoner Bowman contended that he was handcuffed and placed in leg irons in preparation for transport to the showers.  *Id.*  Prior to transport, officers entered his cell, throwing wild unprovoked punches.  *Id.*  Bowman claimed that he slipped out of his left handcuff and swung at the officers in self defense.  *Id.*  The officers claimed, however, that when they entered the cell, Bowman immediately started swinging at them.  *Id.*  According to the officers, they struck Bowman only in self defense and to reassert order.  *Id.*  Following this incident, the officers filed an institutional charge against Bowman.  *Id.*  He was later found guilty by a hearing officer of aggravated assault against a non-inmate.  *Id.*  The court in the *Bowman* action held that this conviction did not bar the § 1983 action because the determination at the prison hearing did not necessarily preclude the prisoner's excessive force claim.  *Id.*  To prevail on his § 1983 claim, the *Bowman* court noted that the plaintiff must show that (1) defendants used force against plaintiff; (2) the use of such force was excessive and applied maliciously and sadistically for the very purpose of causing plaintiff harm and not in a good faith effort to achieve a legitimate purpose; and (3) plaintiff suffered harm as a direct result of this use of force.  *Id.*; *see Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992).  The *Bowman* court reasoned that "[g]iven that the case at bar relates to accusations of excessive force, a jury could conclude that, even if Plaintiff was culpable in the assault, Defendant nonetheless used excessive force."  *Bowman,* 2003 WL 21246030, at *3.  As such, a judgment in plaintiff's favor "would not necessarily imply the invalidity" of his disciplinary conviction, even though under some circumstances it might do so.  *Id.*

       In the case *sub judice*, the facts, though remarkably similar, are nonetheless distinguishable

from the facts in *Bowman*. Because the injuries Plaintiff sustained during the use of force are *de minimus*,[1] Plaintiff's excessive force claim is viable *only* if Bridges' use of force was unprovoked or otherwise unnecessary. *See U.S. v. Bailey*, 444 U.S. 394, 423 (1980); *Jackson v. Bishop*, 404 F.2d 571 (8th Cir. 1968). If Plaintiff initiated the altercation, then Bridges' use of force, presumptively *de minimus* due to the superficial nature of the injuries,[2] was necessarily reasonable. The disciplinary hearing determined that Plaintiff unprovokedly spit upon, bit and scratched Officer Bridges. As such, Bridges' use of chemical munitions and restraint of Plaintiff, which resulted in *de minimus* injury, could not have been malicious. Unlike in *Bowman*, accepting as true the institutional hearing officer's finding that Plaintiff assaulted Officer Bridges, Plaintiff cannot prevail.

The court, while finding that the severity of injury is not the proper focus of analysis where an attack is unprovoked, supports the Fourth Circuit line of cases dismissing excessive force claims where the use of force was necessary and the injuries inflicted indicate that the force used was negligible. *See Heck v. Humphrey,* 512 U.S. at 487, n. 7. Because Plaintiff can only prevail if the court finds that the use of force against him was unprovoked, and such a finding would be in direct opposition to the disciplinary hearing's finding that Plaintiff assaulted Officer Bridges, judgment in Plaintiff's favor would necessarily imply the invalidity of his disciplinary conviction. As such,

---

[1] Plaintiff claims he suffered "bruises and swelling, on his hand and arm and the side of his face." (Complaint at 4.) Such injuries have been held by this circuit to be *de minimus*. *Taylor v. McDuffie*, 155 F.3d 479 (4th Cir. 1998) ("[Temporary] swelling and irritation is precisely the type of injury this Court considers *de minimus*."); *Marshall v. Odom,* 156 F.Supp.2d 525 (D. Md. 2001) (finding that headache, facial abrasion, knots on head, arms, back, legs allegedly caused by an officer kicking and beating was *de minimus*).

[2] *Norman v. Taylor,* 25 F.3d 1259, 1262 (4th Cir. 1994) (holding that the fact that the record shows only a *de minimus* injury "can serve as conclusive evidence that *de minimus* force was used").

the court finds that the Magistrate did err in failing to find that the disciplinary hearing officer's findings bars the case at hand.

## IV.  CONCLUSION

It is, therefore,

**ORDERED,** for the foregoing reasons that the Defendants Lacorick Bridges and South Carolina Department of Corrections's Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 30, 2005**